UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:15-CR-140 |
| | ) | REEVES |
| CALVIN MARCEL SCOTT | ) | |

## MEMORANDUM AND ORDER

On January 23, 2017, this Court sentenced Calvin Marcel Scott to a 140-month term of imprisonment for possession with the intent to distribute 28 grams or more of cocaine base, also known as "crack." He is presently scheduled to be released from federal custody on March 19, 2026. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 10, 2020).

Before the Court is Mr. Scott's *pro se* motion for sentencing relief due to the ongoing COVID-19 pandemic pursuant to 34 U.S.C. § 60541(g). [D. 40]. However, once a district court has imposed a sentence, the court lacks "the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010). The statute referenced by Mr. Scott, which involves the "Federal Prisoner Reentry Initiative," grants authority only to the Attorney General and the Director of the Bureau of Prisons. *See* 34 U.S.C. § 60541(a); *United States v. Burkhart*, No. CR 6:03-036-DCR, 2019 WL 615354, at *1 (E.D. Ky. Feb. 13, 2019) ("it is not within the

1

Court's authority to grant such relief because decisions under § 60541 are made by the Attorney General, in coordination with the Director of the Bureau of Prisons.").

Consequently, Mr. Scott's motion [D. 40] must be, and is, **DENIED.**

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**